UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CAROLYN DOVE,  Case No.:

                     Plaintiff,  **COMPLAINT WITH**
-vs.-  **JURY DEMAND**

FGX INTERNATIONAL, INC.,

                     Defendants.
------------------------------------------------------------------------X

Plaintiff, Carolyn Dove (hereinafter "Plaintiff" or "Ms. Dove") by and through her attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for her Complaint against FGX INTERNATIONAL, INC. ("FGXI" or "Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendant's flagrant and willful violations of Plaintiff's rights guaranteed to her by: (1) the anti-retaliation provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§215; (2) the anti-retaliation provision of the New York Labor Law ("NYLL"), §§ 215; (3) the requirement that Defendant that employers provide on each payday accurate wage statements to their employees containing specific categories of accurate information pursuant to NYLL § 195(3); (4) the requirement that Defendant pay Plaintiff all wages owed under the NYLL; (5) the requirement that Defendant not make illegal deductions from Plaintiff's wages under the NYLL; (6) the requirement that Defendant timely pay Plaintiff wages due and owing to her; (7) the requirement that Defendant

1

file accurate information returns with the IRS; and (8) any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

3. Alternatively, Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332, insofar as it involves a Plaintiff who is a citizen of the state of New York for the purposes of diversity jurisdiction, and a Defendant who is a citizen of the states of Delaware and Rhode Island for the purposes of diversity jurisdiction.

4. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

6. Prior to the filing of this Complaint with Jury Demand, the Parties entered into a tolling agreement wherein the Plaintiff's claims under the FLSA and NYLL were tolled from May 1, 2023 through to July 31, 2023.

## PARTIES

7. At all relevant times herein, Plaintiff is an individual residing in New York County, New York.

8. Plaintiff is a citizen of the state of New York for the purposes of diversity jurisdiction.

9. At all relevant times, Plaintiff was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

10. At all relevant times herein, FGXI is a foreign business corporation created under the laws of the state of Delaware.

11. At all relevant times herein, FGXI had a principal place of business located at 500 George Washington Hwy Smithfield, RI 02917.

12. FGXI is a citizen of the states of Delaware and Rhode Island for the purposes of diversity jurisdiction.

13. At all relevant times herein, FGXI was an "employer" of the Plaintiff within the meaning of the FLSA, NYLL, and the NYCCRR.

14. Upon information and belief, for the calendar year 2021 the gross receipts FGXI were not less than $500,000.00.

15. Upon information and belief, for the calendar year 2022 the gross receipts of FGXI were not less than $500,000.00.

16. Upon information and belief, for the calendar year 2023 the gross receipts of FGXI will not be less than $500,000.00.

17. FGXI engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business, much of which originated in states other than New York, the combination of which subjects it to the FLSA's requirements as an enterprise. Upon information and belief, these supplies include, but are not limited to, eyeglasses.

18. Defendant's employees, including Plaintiff, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. This independently subject Defendant to the requirements of the FLSA with respect to Plaintiff.

19. Defendant's employees, including Plaintiff, routinely used email and telephone in the course of their duties.

20. At all times herein pertinent, and in the course of her duties, Plaintiff regularly handled products which had been moved in commerce.

## BACKGROUND FACTS

21. FGXI is a leading global designer and marketer of non-prescription reading glasses and sunglasses and is the number 1 non-prescription reading glasses company in the United States.

22. Upon information and belief, FGXI is a subsidiary of EssilorLuxottica which is the world's largest ophthalmic company.

23. At all times herein pertinent, the Defendant was engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

24. Ms. Dove began working for the Defendant on or about September 19, 2022, as an Account Manager.

25. Ms. Dove worked for the Defendant in its office located at 1450 Broadway, New York, NY 10018 as well as the Defendant's office located at 1 West 37th Street, New York, NY 10018.

26. As an account manager, Ms. Dove managed assigned accounts, helping them with product assortments, pricing, selecting key items, and developing promotional strategies to drive

sales. Ms. Dove was further responsible for selling to her accounts, managing the business to grow market share, achieving sales plans, and increasing the profitability of the division.

27.     For her labor, Ms. Dove was to be paid an annualized salary of $110,000.00 payable on a bi-weekly basis.

28.     Ms. Dove diligently worked for FGXI until her termination on or about March 30, 2023.

29.     Although she received her first paycheck from the Company, she did not receive a single paycheck for eleven consecutive pay periods.

30.     Because she had been living off her dwindling savings, Ms. Dove consistently complained to FGXI's Human Resources Department about FGXI failing to pay Ms. Dove her earned wages.

31.     In response to her complaints, Defendant's Human Resources Department stated that Ms. Dove's payroll checks were being rejected by her bank. This proved to be false as on or about March 16, 2023, FGXI stated that rather than depositing Ms. Dove's wages into her bank account, they had placed her wages on a debit card.

32.     Importantly, Ms. Dove never authorized FGXI to put her wages on a debit card.

33.     Even if Ms. Dove had authorized FGXI to put her wages on a debit card, the debit card in question was sent to the corporate of office of Defendant's parent company, EssilorLuxottica. Said corporate office is located in Dallas Texas (where Plaintiff did not live) and ***was expired***. This made it impossible for Plaintiff to access her earned wages.

34.     Upon information and belief, Defendant never mailed the debit card with Ms. Dove's funds to her address in New York.

35.　FGXI knew it was not authorized to pay Ms. Dove on a debit card. This is shown by Defendant issuing Ms. Dove a paper paycheck for his first pay period and directly depositing her final 3 paychecks.

36.　Given the above, Defendant failed to pay Ms. Dove her earned wages for approximately eleven pay periods.

37.　Despite Ms. Dove complaining of Defendant's failure to pay Ms. Dove her earned wages, Defendant fraudulently issued an IRS Form W2 which stated that Ms. Dove received much more in wages than she actually received from the Defendants.

38.　Specifically, Defendant issued a W2 to Ms. Dove which stated that she received over $25,000 in wages in 2022, however, due to Defendant's failure to pay Ms. Dove her earned wages, FGXI paid Ms. Dove less than $3,000.00 that year.

39.　Upon receipt of this false IRS Form W2, Ms. Dove contacted the Defendant's EVP of Payroll as well as EssilorLuxottica's helpdesk to request a corrected W2. Defendant refused to issue a corrected W2.

40.　Due to the Defendant's filing a false IRS Form W2, Ms. Dove was required to pay income taxes on income she never received.

41.　Moreover, in or about February 2023, Ms. Dove made a complaint to the Defendant's payroll department about Defendant's illegal practice of failing to pay Ms. Dove her earned wages.

42.　Prior to making this complaint, in or about December 2022, Ms. Dove had a meeting with her manager wherein it was stated Ms. Dove would be receiving a raise to an annual salary of $117,333.33 effective April 2, 2023.

43. Within thirty days of Ms. Dove making the complaint in February 2023, Defendant terminated Ms. Dove's employment.

44. Defendant terminated Ms. Dove without cause.

45. Defendant terminated Plaintiff to retaliate against her for complaining of Defendant's illegal practice of failing to pay her earned wages.

46. Further showing the Defendant's retaliatory intent and lack of good faith, upon Ms. Dove's termination, FGXI pushed to have her sign a general release which would absolve FGXI from paying Ms. Dove the wages she's owed as well as other damages.

47. To further retaliate against Ms. Dove, Defendant contacted Ms. Dove over half a dozen times to threaten her for violating the separation agreement. However, during each of these communications FGXI knew or should have known that Ms. Dove had not agreed to the separation agreement and did not sign any document releasing FGXI from liability.

48. FGXI's retaliation continued well after Ms. Dove's termination. Specifically, although Ms. Dove dutifully reported her final expenses to the Defendant, upon information and belief, in contravention of Defendant's established policies, they waited over seventy-five days to reimburse Ms. Dove for these expenses.

49. In an effort to perpetuate their scheme of failing to pay Plaintiff and to gaslight Plaintiff into believing that she had been paid, Defendant issued Ms. Dove wage statements which purported to show that Ms. Dove had been paid in full for every week she worked.

50. Given the above, at least eleven wage statements falsely stated that Ms. Dove had been paid her wages.

51. Upon information and belief, Defendant's failure to provide accurate wage statements has prevented Plaintiff from taking appropriate action to obtain the payments due to her.

52. Despite Plaintiff's repeated complaints about Defendant paying her improperly, Defendant willfully failed to pay Plaintiff her earned wages. Indeed, they acted in the manner described herein to maximize their profits while minimizing their labor costs.

53. Every hour that Plaintiff worked was for Defendant's benefit. Despite complaining about not being paid properly, Defendants continued violating his rights and the FLSA and NYLL.

### *FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Retaliation in Violation of the FLSA*

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. 29 U.S.C. § 215(a)(3) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the FLSA.

56. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff is an employee within the meaning of the FLSA.

57. As also described above, Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA.

58. Due to Defendants' violation of the FLSA's anti-retaliation provisions, Plaintiff is entitled to compensatory damages, back pay, front pay, employee benefits Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, liquidated damages, attorneys' fees, and costs.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Civil Damages for Fraudulent Filing of Information Returns*

59. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. 26 U.S.C. § 7434 prohibits Defendant from willfully filing a fraudulent information return with respect to payments purportedly made to Plaintiff.

61. As described above, Defendant willfully filed a fraudulent IRS Form W2 which stated that Defendant properly paid wages to Plaintiff that Plaintiff never received.

62. Due to Defendants' violation of the above referenced statute, Plaintiff is entitled to the greater of $5,000.00 or the sum of (1) actual damages sustained by Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing); and (2) the costs of the action; and (3) reasonable attorneys' fees and costs.

63. At or before the filing of this Complaint, Plaintiff has served notice of the action upon the Internal Revenue Service.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the NYLL*

64. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. Section 215 of the NYLL prohibits employers from retaliating against an employee because an employee has made a complaint relating to improper payment of wages under the NYLL and/or for engaging in protected activity under the NYLL.

66. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff is an employee within the meaning of the NYLL.

67. As also described above, Defendants retaliated against Plaintiff for engaging in protected activity under the NYLL.

68. Due to Defendants' violation of the NYLL's anti-retaliation provisions, Plaintiff is entitled to compensatory damages, back pay, front pay, employee benefits Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, liquidated damages, attorneys' fees, costs and interest as permitted by law.

69. At or before the filing of this Complaint, Plaintiff has served notice of the action upon the Office of the New York State Attorney General.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Wage Statements in Violation of the NYLL*

70. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

71. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

72. As described above, the Defendants willfully failed to furnish Plaintiff with accurate wage statements containing the criteria required under the NYLL.

73. Defendants are liable to the Plaintiff in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Timely Pay Wages in Violations of N.Y Lab. Law § 191*

74. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

75. Under N.Y. Labor Law § 191(1)(d), Defendant was to pay the Plaintiff all the wages due "not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

76. Defendant failed to pay Plaintiff all wages due and owing to the Plaintiff.

77. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of wages, in an amount to be established at trial, plus interest, liquidated damages, attorneys' fees and costs.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unlawful Deduction From Wages in Violation of N.Y Lab. Law § 193*

78. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

79. Under N.Y. Labor Law § 193, as amended, it is unlawful for an employer to make deductions from the wages of an employee, unless those deductions are (a) made in accordance with a law or a governmental agency rule or regulation, (b) expressly authorized in writing by the employee and are for the benefit of the employee, (c) related to recovery of an overpayment of wages where such overpayment is due to a mathematical or other clerical error by the employer; or (d) related to advances of salary or wages made by the employer to the employee.

80. At all relevant times herein, the parties had an agreement pursuant to which Plaintiff would be entitled to her compensation, and/or the actual policy and practice of Defendant established that Plaintiff was entitled to her compensation.

81. Within the applicable statute of limitations, Defendant unlawfully and willfully deducted some or all of the wages earned by Plaintiff.

82. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of commission wages, in an amount to be established at trial, plus interest, liquidated damages, attorneys' fees and costs.

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Wages in Violations of N.Y Lab. Law §§ 190, et seq.*

83. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

84. Plaintiff was an employee of the Defendant as defined in N.Y. Labor Law § 190.

85. Defendant was Plaintiff's employers as the term is defined in N.Y. Labor Law § 190.

86. Defendants knowingly failed to pay Plaintiff her earned wages in accordance with the agreed upon terms of her employment agreement and as required by statute, in violations of N.Y. Labor Law § 190.

87. Defendant's failure to pay Plaintiff's earned wages was willful.

88. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of commission wages, in an amount to be established at trial, plus interest, liquidated damages, attorneys' fees and costs.

**DEMAND FOR A JURY TRIAL**

89. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demand judgment against the Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its agents, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against any individual for participating in any form in this lawsuit;

d. All damages that Plaintiff have sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendant's unlawful payment practices;

e. Awarding Plaintiff back pay for unpaid wages due and owing to Plaintiff;

f. Awarding back for unlawful deductions due and owing to the Plaintiff;

g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h. Awarding civil damages as a result of Defendant's failure to comply with the Internal Revenue Code tax filing requirements;

i. Damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction;

j.  An Order requiring Defendant to take all necessary steps to correct the information return identified above;

k.  Awarding Plaintiff costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

l.  Pre-judgment and post-judgment interest, as provided by law;

m.  Awarding all remedies Plaintiff is entitled to under the aforementioned statutes; and

n.  Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        August 1, 2023

                                            Respectfully submitted,
                                            LAW OFFICES OF WILLIAM CAFARO

                                            Amit Kumar (AK 0822)
                                            *Attorneys for Plaintiff*
                                            108 West 39th Street, Suite 602
                                            New York, New York 10018
                                            (212) 583-7400
                                            akumar@Cafaroesq.com